1  Vincent Y. Lin (SBN: 201419)
   E-mail: lds@vincentlinlaw.com
2  LAW OFFICES OF VINCENT Y. LIN
   17700 Castleton St., Suite 263
3  City of Industry, CA 91748
   Tel: (626) 935-0929
4  Fax: (626) 935-0380

5  Attorney for plaintiff
   Laltitude, LLC

6

7                UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 LALTITUDE, LLC            )    Case No. 2:17-cv-04586
                             )
11                           )
                             )
12                           )    **COMPLAINT FOR PATENT**
              Plaintiff,     )    **INFRINGEMENT, TRADEMARK**
13                           )    **INFRINGEMENT AND**
                             )    **INJUNCTIVE RELIEF**
14      v.                   )
                             )
15                           )
   AMAZON.COM,Inc.and DOES 1 )    DEMAND FOR JURY TRIAL
16 through 10, inclusive,    )
                             )
17                           )
              Defendants.    )
18                           )
   _____)
19

20     Comes now plaintiff, by and through their

21 attorneys, hereby files this Complaint for Patent

22 Infringement, Trademark Infringement and Injunctive

23 Relief and demands a jury trial and complains of

24 defendants and each of them, as follows:

25            **JURISDICTION AND VENUE**

26     1.   This Court has original subject matter

27 jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

28 because this action arises under the patent laws of the

                         1

1   United States, including 35 U.S.C. § 271, et seq.

2   2. This Court has original subject matter
3   jurisdiction over the claims in this action which
4   relate to trademark counterfeiting, infringement,
5   dilution, false designation of origin, and false
6   description pursuant to the provisions of sections
7   34(a) and 39 of the Lanham Act, 15 U.S.C. §1116(a), and
8   1121(a), and 28 U.S.C. §1331, 1338 (a) and (b).

9   3. This Court has supplemental jurisdiction over
10  the claims in this Complaint which arise under state
11  statutory and common law pursuant to 28 U.S.C. §1367
12  (a), since the state law claims are so related to the
13  federal claims that they form part of the same case or
14  controversy and derive from a common nucleus of
15  operative facts.

16  4. A substantial part of the events and omissions
17  giving rise to the claims herein occurred within this
18  judicial district; venue therefore lies in this
19  district under 28 U.S.C. §1391(b).

20  5.  Venue is proper in this district pursuant to 28
21  U.S.C. §§ 1391(b) and (c) and 1400(b).

22

23                      **GENERAL ALLEGATIONS**

24  6.  At all times relevant herein, Plaintiff
25  Laltitude, LLC ("Laltitude") is a California
26  corporation.

27  7.  Plaintiff is informed and believes, and thereon
28  alleges, that Defendant Amazon.com, Inc. ("Amazon") is

a corporation duly organized and existing under the law of the State of Delaware, and may be served with process through its registered agent Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Plaintiff is informed and believes, and thereon alleges, that Amazon is, and at all times relevant herein, has been and is doing business in the Central District of California.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants and each of them by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages were the result of the acts or omissions of said defendants and each of them. Plaintiff shall seek leave of the Court to amend this complaint to allege the true names and capacities of said defendants when ascertained.

9.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, defendants and each said defendant were each other's agents, employees, partners, co-ventures, or representatives. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, in performing the acts or omissions herein alleged, that said defendants and each said defendant were acting

1   within the scope of said agency, employment,

2   partnership, co-venture, or representation.

3   <center>**CLAIMS FOR RELIEF**</center>

4   <center>**COUNT I**</center>

5   <center>**UTILITY PATENT INFRINGEMENT OF U.S. PATENT NO.**</center>

6   <center>**D742,359 S**</center>

7       10.  Plaintiff hereby repeats and incorporates

8   herein the allegations set forth in the paragraphs

9   above.

10       11.  On November 3, 2015, United States Patent No.

11   US D742,359 S (the "'359 Patent") was duly and legally

12   issued for an invention entitled "Bluetooth Shower

13   Speaker" Of a Shower Speaker. Baohua Zhao is the

14   inventor of the '359 Patent, and on February 12, 2016

15   assigned U.S. Patent No. D742,359 S to Laltitude, LLC.

16   The '359 Patent is valid and enforceable.  A copy of

17   the '359 Patent an assignment of Patent are attached

18   hereto as "Exhibit A."

19       12.  Amazon has infringed and continue to infringe

20   the '359 Patent by manufacturing, using, marketing,

21   selling, offering for sale, and/or importing products

22   covered by the '359 Patent.  As a result, Amazon has in

23   the past and continues to infringe directly, by

24   inducement and contributing to the infringement of the

25   Patent.  Amazon is liable for infringement of the '359

26   Patent pursuant to 35 U.S.C. §§ 271 and 289.

27       13. Amazon's infringement of Plaintiff's exclusive

28   rights under the '359 Patent has caused great damage

<center>4</center>

1  and irreparable harm to Plaintiff.  Unless enjoined by
2  the Court, Amazon's conduct will continue to cause
3  great, immediate and irreparable harm to Plaintiff,
4  because there is no adequate remedy at law.

5      14. Amazon's infringing acts with respect to the
6  '359 Patent was and is willful under 35 U.S.C. § 284,
7  and this case is "exceptional" under 35 U.S.C. § 284,
8  in that, among other things, Amazon had actual and/or
9  constructive knowledge of the Patent and continued its
10 infringing conduct in disregard of Plaintiff's patent
11 rights.

12     15. This is an exception case entitling Plaintiff
13 to treble damages under 35 U.S.C. § 284, and attorneys'
14 fees and costs incurred in prosecuting this action
15 under 35 U.S.C. § 285.

16                        **COUNT II**

17        **TRADEMARK INFRINGEMENT [15 U.S.C. §1114]**

18     16. Plaintiff hereby repeats and incorporates
19 herein the allegations set forth in the paragraphs
20 above.

21

22     17. Plaintiff is the registered Trademark owner of
23 "SB Soundbot" in the United States Patent and Trademark
24 Office ("USPTO") on March 8, 2016, with registration
25 number 4,912.246.  True and Correct copies of SB
26 SoundBot 's Registration are attached hereto as Exhibit
27 "B".

28

18. Plaintiff's Products have been identified by Plaintiff's trademark SB SoundBot since their inception in 2014.

19. The Plaintiff's Trademark, "SoundBot", is fanciful and arbitrary and is associated in the mind of the public with Plaintiff.

20. Based on Plaintiff's extensive advertising, sales, and the wide popularity of the Plaintiff Products, the "SoundBot" Trademark has acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of, and affiliated with, Plaintiff.

21. Defendants copy or otherwise imitate the SoundBot Trademark in connection with selling, distributing, and advertising Defendants' counterfeit goods of bluetooth shower speaker.

22. Defendants' activities set forth herein constitute Defendants' use in commerce of the SoundBot Trademarks.

23. Defendants have used the "SoundBot" Trademark without Plaintiff's consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public falsely to believe that Defendants' products emanate or originate from

Plaintiff, or falsely to believe that Plaintiff has approved, sponsored, or otherwise associated itself with Defendants.

24. Defendants' have intentionally used the "SoundBot" Trademarks knowing that such trademark is Plaintiff's exclusive property in connection with the offering for sale, sale, and distribution of counterfeit goods.

25. Defendant's conduct is intended to exploit the goodwill and reputation associated with the "SoundBot" Trademark.

26. Plaintiff has no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiff's reputation and valuable goodwill in its trademarks is subject to Defendants' unscrupulous tactics.

27. Defendants' activities as set forth herein create the false and misleading impression that Plaintiff has sanctioned, assigned, or authorized Defendants to use the "SoundBot" Trademarks to advertise, manufacture, distribute, appraise, offer for sale, or sell counterfeit products bearing the "SoundBot" Trademarks when Defendants are not so authorized.

28. Defendants engage in the aforementioned activity with the intent to confuse and deceive

consumers into believing that Defendants, and the goods they sell, are in some way sponsored by, or affiliated with, or associated with, Plaintiff when the Defendants are not.

29. Defendants' unauthorized use of the Plaintiff's Trademark, "SoundBot", as set forth herein has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting form Plaintiff's reputation and its registered trademarks, to the substantial and irreparable injury of , Plaintiff's Trademarks, and the substantial goodwill represented thereby.

30. Defendants' aforesaid acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. §1114.

31. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, Defendants will continue such acts, thereby causing Plaintiff to continue to suffer great and irreparable injury.

32. Plaintiff is informed and believes and thereupon alleges that Defendants' infringement is both intentional and egregious.

33. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far

not determined but believed to be in excess of
$200,000.

### PRAY FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.  For a judgment that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the Patents-in-suit;

2.  For a judgment that Defendants have willfully infringed one or more claims of the Patents-in-suit;

3.  For a judgment that this is an exceptional case, entitling Plaintiffs to treble damages within the meaning of 35 U.S.C. § 284 and to attorneys' fees and costs within the meaning of 35 U.S.C. § 285;

4.  For preliminary and permanent injunctions enjoining the aforesaid acts of infringement under 35 U.S.C. § 271, et seq. of Defendants, its officers, agents, servants, employees, subsidiaries and attorneys, and those persons in privity or acting in concert with them, including related individuals and entities, customers, representatives, OEMs, dealers and distributors;

5.  That the Court order that Defendants, their agents, servant, employees, representatives,

1         successors, and assignes, and all person,

2         firms, or corporations in active concert or

3         participation with any of Defendants, be

4         immediately enjoined from:

5       a. directly or indirectly infringing Plaintiff's

6     trademark as described above in any manner including

7     generally, but not limited to, copying, distributing,

8     advertising, selling, and/or offering for sale any

9     merchandise that infringes Plaintiff's trademark

10    including without limitation Defendants Counterfeit

11    and/or Infringing Goods, and specifically distributing,

12    advertising, selling, and/or offering for sale

13    unauthorized copies of the "SoundBot" Trademark and/or

14    the Plaintiff Products of any other unauthorized goods

15    that picture, reproduce, or utilize the likenesses of

16    or which copy or bear a substantial similarity to any

17    of Plaintiff's trademark; or

18

19      b. engaging in any conduct that tends falsely to

20    represent that, or is likely to confuse, mislead, or

21    deceive purchasers, Defendants' customers, and/or

22    members of the public to believe that, the actions of

23    Defendants, the products sold by Defendants, or

24    Defendants themselves are connected with Plaintiff, or

25    are in some way connected or affiliated with Plaintiff;

26      c. affixing, applying, annexing, or using in

27    connection with the manufacture, distribution,

28    advertising, sale, and/of offering for sale or other

1   use of any goods or services, a false description or
2   representation, including words or other symbols,
3   tending to falsely describe or represent such goods as
4   being those of Plaintiff;
5        6.   For an award of actual damages, including pre-
6             judgment and post-judgment interest;
7        7.   For all costs of suit; and
8        8.   For all such other and further relief as the
9             Court may deem just and proper.
10                     **DEMAND FOR JURY TRIAL**
11       Under Rule 38(b) of the Federal Rules of Civil
12  Procedure and Local Rule 38-1 of the United States
13  District Court for the Central District of California,
14  Plaintiff, Laltitude, LLC hereby demands a trial by
15  jury of all issues properly triable by jury.
16
17  DATED: 6-21-17              LAW OFFICES OF VINCENT Y. LIN
18
19
20                      By: Vincent Y. Lin
21                          Attorney for plaintiff
                            Laltitude, LLC
22
23
24
25
26
27
28

                              11

# EXHIBIT "A"

United States Patent and Trademark Office



UNITED STATES
PATENT AND TRADEMARK OFFICE

## Assignment abstract of title for Application 29477686

| Invention title/inventor | Patent | Publication | Application | PCT | International registration |
|---|---|---|---|---|---|
| Bluetooth Shower Speaker | D742359 | | 29477686 | | |
| Baohua ZHAO | Nov 3, 2015 | | Dec 25, 2013 | | |

## Assignments (1 total)

**Assignment 1**

| Reel/frame | Execution date | Date recorded | Properties | Pages |
|---|---|---|---|---|
| 037730/0616 | Nov 25, 2015 | Feb 12, 2016 | 1 | 2 |

Conveyance
ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

Assignors
ZHAO, BAOHUA

Correspondent
TSZ LUNG YEUNG
333 W GARVEY AVE., #B586
MONTEREY PARK, CA 91754

Assignee
LALTITUDE LLC
17128 COLIMA ROAD, STE 209
HACIENDA HEIGHTS, CALIFORNIA 91745



US00D742359S

(12) **United States Design Patent**      (10) Patent No.:      **US D742,359 S**
Zhao                                       (45) Date of Patent:   **    Nov. 3, 2015**

(54) BLUETOOTH SHOWER SPEAKER

(71) Applicant: **Baohua Zhao**, Shenzhen (CN)

(72) Inventor: **Baohua Zhao**, Shenzhen (CN)

(**) Term: **14 Years**

(21) Appl. No.: 29/477,686

(22) Filed: **Dec. 25, 2013**

(51) LOC (10) Cl. ...................................... 14-03

(52) U.S. Cl.
USPC ............................................. D14/216

(58) Field of Classification Search
USPC ........ D14/167, 168, 170–172, 188, 194–196,
D14/204, 207, 209.1, 210–216, 219, 221,
D14/222, 224, 496; 181/143, 144, 147, 148,
181/150, 153, 157, 198, 199; 381/300–303,
381/306, 332, 333, 336, 345, 361–364,
381/386–388; 369/6–12; D10/55, 53,
D10/55–57
CPC .... B60R 11/0217; G06F 1/1688; H04M 1/03;
H04M 1/035; H04R 1/02; H04R 1/06; H04R
1/021; H04R 1/025; H04R 1/026; H04R
1/028; H04R 1/105; H04R 1/323; H04R
1/403; H04R 1/2803; H04R 1/2834; H04R
5/02; H04R 7/20; H04R 9/06; H04R 9/025;
H04R 2201/021; H04R 2400/00; H04R
2400/07; H04R 2499/11; H04R 2499/13;
H04R 2499/15; H04S 3/00; H04S 7/30
See application file for complete search history.

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D432,516 | S | * | 10/2000 | Chen | D14/170 |
| D437,842 | S | * | 2/2001 | Chen | D14/194 |
| D474,169 | S | * | 5/2003 | Fletcher | D14/159 |
| D495,679 | S | * | 9/2004 | Chen | D14/171 |
| D503,166 | S | * | 3/2005 | Tse | D14/171 |
| D587,240 | S | * | 2/2009 | Zadro | D14/189 |
| D602,911 | S | * | 10/2009 | Wang et al. | D14/216 |
| D635,956 | S | * | 4/2011 | Zadro | D14/197 |
| D641,342 | S | * | 7/2011 | Chang | D14/240 |
| D643,022 | S | * | 8/2011 | Hou | D14/216 |
| D651,216 | S | * | 12/2011 | Pail | D14/496 |
| D671,528 | S | * | 11/2012 | Fathollahi | D14/216 |
| D682,805 | S | * | 5/2013 | Rath | D14/149 |
| D698,753 | S | * | 2/2014 | Yiu et al. | D14/216 |
| D719,138 | S | * | 12/2014 | Schwartz | D14/216 |

* cited by examiner

*Primary Examiner* — Keli L Hill
(74) *Attorney, Agent, or Firm* — Novoclaims Patent Services
LLC; Mei Lin Wong

(57)                    **CLAIM**
The ornamental design for a bluetooth shower speaker, as
shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a bluetooth shower speaker
showing my new design.
FIG. 2 is a front view thereof.
FIG. 3 is a rear view thereof.
FIG. 4 is a right end view thereof.
FIG. 5 is a left end view thereof.
FIG. 6 is a top view thereof; and,
FIG. 7 is a bottom view thereof.
The broken lines in FIG. 7 depict a portion of the bluetooth
shower speaker that forms no part of the claimed design.

**1 Claim, 7 Drawing Sheets**







FIG.1



FIG.2



FIG.3

Case 2:17-cv-04586-JAK-JC   Document 1   Filed 06/21/17   Page 18 of 25   Page ID #:18



FIG.4



FIG.5



FIG.6



FIG.7

# EXHIBIT "B"

# United States of America

## United States Patent and Trademark Office

# S SoundBot

**Reg. No. 4,912,246**

**Registered Mar. 8, 2016**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

LALTITUDE (CALIFORNIA LIMITED LIABILITY COMPANY)
17128 COLIMA RD #209
HACIENDA HEIGHTS, CA 91745

FOR: CARRYING CASES, HOLDERS, PROTECTIVE CASES AND STANDS FEATURING POWER SUPPLY CONNECTORS, ADAPTERS, SPEAKERS AND BATTERY CHARGING DEVICES, SPECIALLY ADAPTED FOR USE WITH HANDHELD DIGITAL ELECTRONIC DEVICES, NAMELY, CELL PHONES, MP3 MP4 PLAYERS, PERSONAL DIGITAL ASSIST-ANTS, GPS, TABLETS, E-READERS, LAPTOPS, DIGITAL MUSIC AND MOVIE PLAYERS; EARPHONES AND HEADPHONES; LOUDSPEAKERS, CAR SPEAKER IN THE NATURE OF LOUDSPEAKERS FOR AUTOMOTIVE AUDIO SYSTEMS AND CAR AUDIO SPEAKERS; HEADPHONES, MICROPHONES AND CD PLAYERS; MUSIC HEADPHONES; AUDIO SPEAKERS; COMPUTER PERIPHERALS, NAMELY, KEYBOARDS, MICE, TRACKBALLS, NETWORK TRANSMITTER OF ELECTRONIC SIGNALS, USB HUB, AND WIRELESS ELECTRONIC CONTROLLERS ALL FOR USE WITH CONSUMER ELECTRONIC EQUIP-MENT, NAMELY, CELL PHONES, LAPTOPS, DESKTOP COMPUTERS, AND TABLETS; COMPUTER SOFTWARE FOR REPRODUCING, PROCESSING AND STREAMING AUDIO, VIDEO AND MULTIMEDIA CONTENT; COMPUTER SOFTWARE FOR CONTROLLING THE OPERATION OF AUDIO AND VIDEO APPARATUS AND FOR VIEWING, SEARCHING AND/OR READING SOUND, VIDEO, TELEVISION, FILMS, PHOTOGRAPHS AND OTHER DIGITAL IMAGES AND OTHER MULTIMEDIA CONTENT; DIGITAL ELECTRONIC AP-PARATUS, NAMELY, COMPUTER HARDWARE FOR RECORDING, CLASSIFYING, TRANSMITTING, RECEIVING, PROCESSING, READING AND VIEWING, AND EXAMINING TEXTS, DATA, IMAGES, AUDIO AND VIDEO FILES AND COMPUTER SOFTWARE FOR USE IN AUDIO CONTROL MANAGEMENT; AUDIO, VIDEO AND RADIO RECEIVERS; AUDIO AND VIDEO RECORDERS; WIRELESS NETWORK RECEIVERS AND TRANSMIT-TERS FOR USE WITH COMPUTER, TELEVISION, TABLET, AND CELL PHONES; AUDIO AND VIDEO MEDIA PLAYERS, NAMELY, CD, DVD, MULTIMEDIA AND MP3 PLAYERS; RADIOS; DOCKING STATIONS FOR COMPUTER, CELL PHONE, TABLET, AND MEDIA PLAYERS; ELECTRICAL AND ELECTROMAGNETIC SIGNAL TRANSMITTING, AMPLI-FYING, RECEIVING, AND CONVERTING DEVICES, NAMELY, ELECTRIC CABLES, ELECTRIC WIRES, ELECTRICAL CONNECTORS, AND CONTROL DEVICES IN THE NATURE OF DIGITAL MUSIC CONTROLLER FOR USE WITH ELECTRICAL, ELECTRONIC, AND COMPUTER DEVICES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-1-2014; IN COMMERCE 10-1-2014.

*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**Reg. No. 4,912,246** THE MARK CONSISTS OF A CAPITAL LETTER "S" INSIDE OF CAPITAL LETTER "B"
FOLLOWED BY A STYLISH PHRASE "SOUNDBOT".

SER. NO. 86-507,954, FILED 1-20-2015.

MAYUR VAGHANI, EXAMINING ATTORNEY

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period. calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

Page: 3 / RN # 4,912,246